## CHEW'S ADMINISTRATOR *vs.* CHEW'S ADMINISTRATRIX and others.

Bill to foreclose. Defence, that the mortgagee did not intend to enforce the mortgage, but meant that it should be canceled at his death, not established. The paper alleging to have been executed for that purpose is not produced, nor its contents shown with distinctness and certainty.

This cause was argued before the Vice-Chancellor, on bill, answer, and proofs.

*Mr. A. C. Scovel,* for complainant.

*Mr. J. M. Scovel,* for defendants.

THE VICE-CHANCELLOR.

The bill is filed to foreclose a mortgage for $833.50, dated August 17th, 1857, made by George W. Chew, and Charlotte S., his wife, to Jonathan Chew. The mortgage is payable by its terms in one year from date, with interest, payable quarterly.

George W. Chew died in 1862, and his father, Jonathan Chew, died in 1864. The suit is by the administrator of the mortgagee, against the administratrix and infant children of the mortgagor. The mortgage was given to secure a part of the purchase money, or price of the mortgaged premises, which were sold and conveyed by the father to the son, by deed of even date with the mortgage.

The defence set up by the answer is, that the father did not intend to enforce the mortgage, but meant that it should be canceled at his death. Several witnesses have testified to conversations had by them with the father in his life-time, both before and after the death of his son, in which he signified that he meant to make provision to that effect; but the proof is not sufficient to show that such provision was ever made. He may have intended to do so, but he never did, so far as appears. The evidence is that he caused a writing to be drawn, and that he executed the writing, whereby some disposition of the mortgage debt was made in favor of his son's family, but the contents of the writing are not shown with distinctness and certainty; nor does it appear that the writing, whatever it was, was ever delivered. He held it himself, and probably destroyed it prior to his death, as it has not been produced, and was not seen by any one, so far as appears, after it passed into his possession from the scrivener who drew it.

I find nothing whatever in the evidence to establish the defence, or to prevent the complainant from collecting the amount due upon the mortgage.

There must be a reference to a master to compute the amount.